# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PENSION BENEFIT GUARANTY CORPORATION,**

        **Plaintiff,**

v.                                            Case No:   6:19-cv-1313-Orl-37LRH

**NELSON'S ENGINEERING SERVICES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PENSION BENEFIT GUARANTY CORPORATION'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 29)**
>
> **FILED:**      **January 24, 2020**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

Plaintiff Pension Benefit Guaranty Corporation ("Plaintiff") is a federal agency and wholly owned United States government corporation established to administer the pension plan termination insurance program created by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. No. 8 ¶ 5; *see* 29 U.S.C. § 1302(a). On July 17, 2019, Plaintiff filed this action against Defendant Nelson's Engineering Services, Inc. ("Defendant"), as plan administrator of the

Nelson's Engineering Services, Inc. Defined Benefit Plan ("Pension Plan"), pursuant to Title IV of ERISA.  Doc. No. 1.  Plaintiff's initial complaint was dismissed as an impermissible shotgun pleading.  Doc. No. 4.  On July 26, 2019, Plaintiff filed an amended complaint, which is the operative pleading in this case.  Doc. No. 8.

Defendant has failed to answer or otherwise timely respond to the amended complaint.  Upon Plaintiff's motion, a Clerk's default was entered against Defendant.  Doc. Nos. 25, 27.[1]  Now, Plaintiff moves for default judgment.  Doc. No. 29.  With the motion, Plaintiff has included: (1) a Notice of Determination to Defendant (Doc. No. 29-1); and (2) an affidavit of Daniel Robertson, Plaintiff's attorney, in support of the motion (Doc. No. 29-2).

The motion for default judgment was referred to the undersigned, and the matter is ripe for review.

## II.   ALLEGATIONS OF THE AMENDED COMPLAINT.

In the amended complaint, Plaintiff explains that it is a federal agency and wholly owned United States government corporation established to administer the pension plan termination insurance program created by Title IV of ERISA.  Doc. No. 8 ¶ 5; *see* 29 U.S.C. § 1302(a).  When an underfunded pension plan covered under Title IV terminates, Plaintiff "pays statutorily guaranteed pension benefits to retired employees who participate in the pension plan."  Doc. No. 8 ¶ 5; *see* 29 U.S.C. §§ 1321, 1322.  Plaintiff explains its statutory authority as follows:

- PBGC may institute proceedings to terminate a defined benefit pension plan whenever it determines that the plan has not met the minimum funding standards required by the Internal Revenue Code or that the plan will be unable to pay benefits when due.  29 U.S.C. § 1342(a)(1), (2).

---

[1] Upon review of Plaintiff's third motion for Clerk's default, Plaintiff has demonstrated that Defendant was properly served.  *See* Doc. No. 25.  Plaintiff filed proof of service that Jesse Nelson, Defendant's owner and registered agent, was personally served with a copy of the summons and the amended complaint.  *See* Doc. No. 23.  Accordingly, the Clerk of Court properly entered default against Defendant.  *See* Fla. Stat. 48.081(3)(a).

- PBGC may institute proceedings to terminate a defined benefit pension plan whenever it determines that termination is necessary to protect the interests of the participants. 29 U.S.C. § 1342(c).

- After determining that a pension plan should be terminated and notifying its plan administrator of such determination, PBGC may "apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the [PBGC insurance] fund." 29 U.S.C. § 1342(c). Alternatively, PBGC and the plan administrator may enter into an agreement to terminate the plan. *Id*.

- When an underfunded defined benefit pension plan terminates, PBGC typically becomes statutory trustee of the plan and, subject to certain statutory limitations, uses PBGC's insurance funds to pay the plan's unfunded benefits. *See* 29 U.S.C. § 1322.

- The termination date of a pension plan is either agreed upon by PBGC and the plan administrator or, in the absence of an agreement, established by the district court. 29 U.S.C. § 1348(a)(4).

- Upon issuing a termination decree under 29 U.S.C. § 1342(c), the district court must appoint and authorize a trustee to terminate the pension plan in accordance with Title IV of ERISA. 29 U.S.C. § 1342(b), (c). PBGC may request its appointment as trustee in any case. 29 U.S.C. § 1342(b)(1).

Doc. No. 8 ¶¶ 8–13.

Defendant is a plan administrator as defined under ERISA. Doc. No. 8 ¶ 7. Defendant established the Pension Plan effective January 1, 1988. *Id.* ¶ 14. The Pension Plan is a defined pension plan covered under Title IV of ERISA; the Pension Plan has a total of 11 participants. *Id.* ¶ 15. On or about January 27, 2009, Defendant filed a voluntary Chapter 7 bankruptcy petition and thereafter ceased operations. *Id.* ¶ 16. In September 2009, after the bankruptcy closed, Defendant was administratively dissolved. *Id.* Because Defendant ceased operations and liquidated in bankruptcy, the Pension Plan was abandoned. *Id.* ¶ 17. Plaintiff estimates that the Pension Plan is underfunded, with liabilities of $1,365,961.00 and $0.00 in assets. *Id.* ¶ 18. The Pension Plan

does not have a sponsor to provide funding nor an administrator to manage assets and pay benefits to participants. *Id.*

On September 27, 2018, pursuant to 29 U.S.C. § 1342, Plaintiff sent to Defendant's last known address, c/o Defendant's president and owner, Jesse Nelson, a notice of determination that the Pension Plan had not met the minimum funding standards as required under ERISA. *Id.* ¶ 19, Doc. No. 8-1; *see* 26 U.S.C. § 412. The notice of determination further states that the Pension Plan will be unable to pay benefits when due, and that the Pension Plan must be terminated in order to protect the interests of the Pension Plan participants. Doc. No. 8 ¶ 19; Doc. No. 8-1. The notice states that Plaintiff will proceed under ERISA to have the Pension Plan terminated and Plaintiff appointed as statutory trustee, as well as to have January 31, 2009 established as the Pension Plan's termination date. Doc. No. 8 ¶ 19; Doc. No. 8-1. The notice of determination was returned to Plaintiff marked "refused by recipient." Doc. No. 8 ¶ 33.

In the amended complaint, Plaintiff asks that the Court issue a decree: (1) terminating the Pension Plan (Count I); (2) appointing Plaintiff as the Pension Plan's statutory trustee (Count II); (3) establishing January 31, 2009 as the Pension Plan's effective termination date (Count III); and (4) ordering Defendant and all other persons possessing property or other assets of the Pension Plan to transfer such items to Plaintiff (Count IV). *Id.* ¶ 2. Plaintiff states that upon termination and trusteeship of the underfunded Pension Plan, Plaintiff will use its insurance funds to pay Defendant's employees their benefits under the Pension Plan, subject to ERISA's statutory limits. *Id.*

### III.     STANDARD OF REVIEW.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held

to admit facts that are not well-pleaded or to admit conclusions of law.").[2] If liability is well-pleaded in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). However, allegations relating to the amount of damages are not admitted by virtue of default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). A default judgment must not differ in kind, nor in amount, from what is demanded in the pleadings. Fed. R. Civ. P. 54(c).

**IV.  ANALYSIS.**

As discussed above, Plaintiff seeks an Order from the Court: (1) terminating the Pension Plan (Count I); (2) appointing Plaintiff as the Pension Plan's statutory trustee (Count II); (3) establishing January 31, 2009 as the Pension Plan's effective termination date (Count III); and (4) ordering Defendant and all other persons possessing property or other assets of the Pension Plan to transfer such items to Plaintiff (Count IV). Doc. No. 8 ¶ 2. Each of these requests will be addressed in turn.

    A.    <u>Termination of the Pension Plan (Count I)</u>.

Pursuant to 29 U.S.C. § 1342(a), Plaintiff must institute proceedings to terminate a pension plan if it determines that the plan has not met the minimum funding standard required under Title IV or that the plan will be unable to pay benefits when due. In such a situation, Plaintiff shall "apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the fund." 29 U.S.C. § 1342(c)(1).

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, Plaintiff alleges that the Pension Plan is a defined benefit pension plan covered by Title IV of ERISA, and that Defendant, the Pension Plan's administrator, has been administratively dissolved. Doc. No. 8 ¶¶ 19, 21, 22, 24, 31. Plaintiff has determined that the Pension Plan has been abandoned. *Id.* ¶ 23. Plaintiff alleges that the Plan has not met the minimum funding standards and will be unable to pay benefits when due. *Id.* ¶¶ 24–25.

Therefore, Plaintiff has established that the Plan should be terminated "in order to protect the interests of the participants." *See* 29 U.S.C. § 1342(c)(1). Accordingly, I recommend that the Court issue the requested decree terminating the Pension Plan. *See id.*

B.  Appointment of Plaintiff as Trustee of the Pension Plan (Count II).

If Plaintiff institutes proceedings under 29 U.S.C. § 1342, it may, upon notice to the plan, apply to the Court for the appointment of a trustee. 29 U.S.C. § 1342(b)(1). The Court may appoint a trustee of a terminated plan "if the interests of the plan participants would be better served by the appointment of the trustee." *Id.* § 1342(b)(2)(A). Plaintiff "may request that it be appointed as trustee of a plan in any case," *see id.* § 1342(b)(1), and Plaintiff has so requested here, *see* Doc. No. 8 ¶ 28. Because it is in the interest of the participants of the Pension Plan, and because Plaintiff "is willing and able and hereby applies to serve as statutory trustee," Doc. No. 8 ¶ 28, I respectfully recommend that Plaintiff be appointed trustee of the Pension Plan. *See Pension Ben. Guar. Co. v. Brooke & Co., Inc.*, No. 18-cv-1409 (AJN), 2019 WL 192245 at *2 (S.D. N.Y. Jan. 15, 2019).

C.  Effective Termination Date of the Pension Plan (Count III).

Plaintiff seeks to establish January 31, 2009 as the termination date of the Pension Plan. Doc. No. 8 ¶ 36. A pension plan's termination date is either the date agreed upon by Plaintiff and

the plan administrator, or, in the absence of such an agreement, the date established by the district court. 29 U.S.C. §§ 1348(a)(3), (4).

Courts consider two factors when establishing a termination date for a pension plan: (1) select the earliest date on which the plan participants had notice of termination, and (2) "then select whatever later date serves the interests of PBGC." *See Pension Ben. Guar. Corp. v. Republic Techs. Int'l, LLC*, 386 F.3d 659, 666 (6th Cir. 2004); *Pension Ben. Guar. Corp. v. Mize Co.*, 987 F.2d 1059, 1063 (4th Cir. 1993); *In re Pension Plan of Emps. of Broadway Maint. Corp.*, 707 F.2d 647, 652-53 (2d Cir. 1983).

Here, Plaintiff presents authority for its proposition that "[t]he cessation of a company's operations constitutes constructive notice sufficient to extinguish plan participants' expectations that a pension plan will continue." Doc. No. 29, at 10; *see, e.g.*, *Mize*, 987 F.2d at 1059, 1063–64 (affirming lower court's setting the termination date on day that employer closed operations); *Pension Ben. Guar. Corp. v. Heppenstall Co.*, 633 F.2d 293, 301 (3d Cir. 1980) ("[N]o employee had any justifiable expectation in a termination date later than May 31, 1979, when the employer ceased all operations."). Plaintiff asserts that the termination date of January 31, 2009 is appropriate here because, as of that date, Defendant had ceased operations and filed a Chapter 7 bankruptcy proceeding. Doc. No. 29, at 10; *see* Doc. No. 8 ¶ 31. Plaintiff is not requesting that the Court establish a later plan termination date. Doc. No. 29, at 10

The undersigned agrees with Plaintiff that the Pension Plan participants were on constructive notice by January 31, 2009 of the Pension Plan's termination due to Defendant's Chapter 7 bankruptcy and cessation of operations. *See Mize*, 987 F.2d at 1063–64. Accordingly, I recommend that the Court establish January 31, 2009 as the termination date of the Pension Plan. *See also Pension Comm. for Farmstead Foods Pension Plan for Albert Lea Hourly Employees v.*

*Pension Benefit Guar. Corp.*, 991 F.2d 1415, 1420–21 (8th Cir. 1993) (finding that "in situations where the PBGC is interpreting provisions of Title IV of ERISA, the recommendation proffered by the PBGC [as to termination date] should be accorded deference").

      D.      <u>Transfer of Records, Assets, and Other Property to Plaintiff (Count IV)</u>.

In the amended complaint, Plaintiff asserts that the court-appointed trustee must receive all plan assets and documents relating to the plan; Defendant's employees who are covered under the plan; and the plan assets. Doc. No. 8 ¶ 39. Plaintiff asks that the Court "order the transfer to PBGC of all of the Plan's assets and documents, wherever located, as an incident of appointing PBGC as statutory trustee of the Plan." *Id.* ¶ 40; *see also* Doc. No. 29, at 11.

A trustee appointed under 29 U.S.C. § 1342(b) has the power "to require the transfer of all (or any part) of the assets and records of the plan to himself as trustee . . . ." 29 U.S.C. § 1342(d)(1)(A)(ii). Therefore, if Plaintiff's request to be appointed trustee is granted, then it has the statutory authority to require such transfer. Accordingly, I respectfully recommend that the Court grant Plaintiff's request for an order requiring transfer of all of the Pension Plan's assets and documents, wherever located, to Plaintiff, as an incident of appointing Plaintiff as statutory trustee of the Pension Plan.

**V.    RECOMMENDATION.**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Pension Benefit Guaranty Corporation's Motion for Default Judgment (Doc. No. 29) and **ENTER** default judgment in favor of Plaintiff and against Defendant as follows:

1. **TERMINATE** the Pension Plan pursuant to 29 U.S.C. § 1342(c);
2. **ESTABLISH** the termination date of January 31, 2009 pursuant to 29 U.S.C. § 1348(a)(4);

3. **APPOINT** Plaintiff as statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(b); and

4. **ORDER** transfer of all of the Pension Plan's assets and documents, wherever located, to Plaintiff pursuant to 29 U.S.C. § 1342(d)(1)(A)(ii); and thereafter

5. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 11, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party